UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JAMES KELSEY,<br><br>                          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                          Respondent. | Criminal Case No. 95-cr-1307<br>Civil Case No.: 16-cv-1559<br><br>**ORDER:**<br>**(1) DENYING MOTIONS TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 [ECF NOS 52, 55]; and**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY.** |

Petitioner, Thomas James Kelsey, represented by counsel, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by person in federal custody. The Government filed a response in opposition, and Petitioner filed a reply. For the reasons outlined below, the Court **DENIES** Petitioner's Motion.

**I.    BACKGROUND**

Petitioner was charged by Indictment on August 16, 1995, with two counts of Armed Bank Robbery in violation of 18 U.S.C. §§2113(a) and (d), and two counts of Use and Carrying of a Firearm During the Commission of a Crime of Violence, in violation of 18 U.S.C. §924(c)(1)(A). Petitioner pled guilty on February 21, 1996 to one count of Armed

Robbery and one count of Use of a Firearm During the Commission of a Crime of Violence. He was found guilty by a jury of the remaining two counts.

On May 8, 1996, this Court sentenced Petitioner to 46 months for the two counts of Armed Robbery and a statutorily mandated sentence of five years for the first firearm count and twenty years for the second firearm count under §§924(c)(1)(A)(i) and (C)(i) to be served consecutively. [ECF NO. 35.] Petitioner appealed his conviction to the Ninth Circuit and the appellate court affirmed. *United States v. Kelsey*, 121 F.3d 718 (9th Cir. 1997)(unpublished). The Supreme Court subsequently denied certiorari.

On March 1, 1999, Petitioner filed a §2255 petition *pro se* in this Court arguing that his trial counsel was ineffective for failing to argue for an insanity defense, in addition to other claims. The Court denied that petition on June 23, 1999.

After the Supreme Court issued its decision in *Johnson v. United States,* 135 S.Ct. 2551 (2015), Petitioner, represented by counsel, filed a protective 2255 petition with this Court on June 17, 2016 to protect the one-year statute of limitations. Petitioner subsequently filed a motion in the Ninth Circuit requesting permission to file a second or successive petition in this Court. The appellate court granted his request, and Petitioner filed the current petition on September 20, 2016. The Government filed a Response in Opposition on February 23, 2018. [ECF NO. 58.] Petitioner filed a Reply on March 5, 2018. [ECF NO. 59.]

## II.  STANDARD

A prisoner in custody may move the court that imposed his sentence to vacate, set aside, or correct the judgment under section 2255 on the ground that:

> The sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

Such motions must be filed within one year from the date upon which a petitioner's conviction becomes final, unless an exception applies. *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994). One such exception dictates that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §2255(f)((3). Section 2255 provides that a hearing must be granted to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Blaylock*, 20 F.3d at 1465. A Petitioner may file a second or successive petition with the sentencing court only if he has sought and received permission from the appropriate court of appeals. 28 U.S.C. §2255(h).

Petitioner may file this second section 2255 because he has received permission from the Ninth Circuit to file a second or successive motion, and his claim is cognizable under section 2255 because he asserts a claim under *Johnson*, which announced a new substantive rule of law and is retroactively applicable. See *Kelsey v. United States*, No. 16-71401 (9th Cir. 2016); *Welch v. United States*, 136 S.Ct. 1257 (2016) ("*Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review.")

**III.　DISCUSSION**

The substance of Petitioner's claim is that the twenty-five year sentence enhancement he received pursuant to §924(c) was unconstitutional because his armed bank robbery convictions under 18 U.S.C. §2113(a) do not constitute "crimes of violence" after the Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015). Therefore, he argues his sentence must be vacated and the Court must resentence him.

In opposition, the government contends that Petitioner's claim is foreclosed by the recent holding in *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018) which held that "armed bank robbery remains a crime of violence under the force clause sufficient to

sustain a conviction." (Oppo. at 2). For this reason, the Government argues that Petitioner's motion must be denied.

Under section 924(c), a Court must impose a mandatory consecutive term of imprisonment for using or carrying a firearm "during or in relation to any crime of violence." 18 U.S.C. 924(c)(1)(A). A "crime of violence" is defined as any offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause is referred to as the "force clause" while the second clause is referred to as the "residual clause." *United States v. Gutierrez*, 876 F.3d 1254, 1256 (9th Cir. 2017). To qualify as a "crime of violence" under the force clause, an offense must have as an element the use, attempted use, or threatened use of violent physical force defined as force capable of causing physical pain or injury to another person. *Johnson v. United States*, 559 U.S. 133, 140 (2010).

To determine whether armed bank robbery fits this definition, the Court must employ the categorical approach and compare the least serious form of the offense with the standard above. *Moncrieffe v. Holder*, 569 U.S. 184 (2013).

The pertinent portion of the federal bank robbery statute provides:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association [shall be punished according to law].

18 U.S.C. §2113(a).

### A. *Armed Bank Robbery- Crime of Violence*

Petitioner argues that armed bank robbery under section 2113(d) does not qualify as a crime of violence under the "force clause" of section 924(c)(3((A) because bank robbery does not require the intentional use or threat of violent physical force, but instead it may be accomplished through unintentional or non-violent "intimidation." (Mot. at 4). He also contends that armed bank robbery no longer qualifies as a crime of violence under the force clause because it does not require the *mens rea* of *intentional* use or threatened use of physical force that is required for an offense to qualify as a crime of violence. (*Id*. at 9). Nor does armed bank robbery qualify as a crime of violence under the residual clause of section 924(c)(3)(B) because this clause is now void for vagueness under the holding of *Johnson*, in Petitioner's view. (*Id*.)

The Court in *Watson* succinctly addressed the same arguments Petitioner raises and determined that armed bank robbery is a "crime of violence." First, the Court noted that that intimidation under section 2113(a) requires that the defendant seize property in a manner that would make an ordinary, reasonable person afraid they would be physically harmed, therefore bank robbery by intimidation necessarily involves the force required to meet the standard. *Watson*, 881 F.3d at 784. As a result, the Court concluded that bank robbery qualifies as a crime of violence because even intimidation, its least violent form, "requires at least an implicit threat to use the type of violent physical force necessary to meet the *Johnson* standard." *Id*. (citing *United States v. Gutierrez*, 876 F.3d 1254, 1256-57 (9th Cir. 2017). The Supreme Court denied certiorari in *Watson*, therefore, the holding controls this Court's disposition of Petitioner's claim and Petitioner's armed bank robbery conviction qualified as a crime of violence under the force clause sufficient to enhance his sentence.

Similarly, the *Watson* Court found that bank robbery by intimidation meets the *mens rea* requirement for a crime of violence holding that "a defendant may not be convicted if he only negligently intimidated the victim . . . The offense must at least involve the knowing use of intimidation, which necessarily entails the

5

Criminal Case No. 95-cr-1307
Civil Case No.: 16-cv-1559

knowing use, attempted use, or threatened use of violent physical force." *Watson*, 881 F.3d at 784 (internal citation omitted). For the same reasons, Petitioner's argument that armed bank robbery lacks the required *mens rea* component fails. Because the Court can conclusively dispose of Petitioner's claims with reference to the motions, files and records of the case, there is no need for an evidentiary hearing. *Blaylock*, 20 F.3d at 1465.

The Court need not address Petitioner's contention that his sentence was predicated on the residual clause because there is sufficient support for his sentence under the force clause. Accordingly, the Court **DENIES** Petitioner's motion.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation omitted).

Having reviewed the matter, the Court finds that Petitioner has not made a substantial showing that he was denied a constitutional right and the Court is not persuaded that jurists could disagree with the Court's resolution of his claims or that the issues presented deserve encouragement to proceed further. Accordingly, a certificate of appealability is **DENIED**.

//
//
//
//

## V. CONCLUSION

For the foregoing reasons, Petitioner's Motions pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence are **DENIED** [ECF NOS. 52, 55.] and a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 14, 2018

_____
Hon. M. James Lorenz
United States District Judge